# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-KA-01144-SCT

*BRUCE DOUGLAS MARTIN a/k/a BRUCE*
*DOUGLAS MARTIN, JR. a/k/a BRUCE D. MARTIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | HEATHER MARIE ABY |
| | L. ABRAHAM ROWE, JR. |
| | BRYAN P. BUCKLEY |
| | JOHN K. BRAMLETT, JR. |
| | JOEY WAYNE MAYES |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: ERIN E. BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA BYRD |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/01/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Bruce Martin was found guilty of second-degree murder for the death of James Dwight Brown and was sentenced to serve forty years in the custody of the Mississippi Department of Corrections. Martin argues that the trial court abused its discretion in allowing two autopsy photographs to be published to the jury. Finding no error, we affirm Martin's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2.     Martin was indicted for Brown's murder after beating him to death.  Brown, who had only one leg, used his prosthesis, crutches, a rolling cart, or a scooter to get around.  When he was at home, he often removed his prosthetic leg and got around just by scooting on the ground. At the time of his death, Brown had been dating Martin's mother, Sandra Patrick, for approximately fifteen years.

¶3.     During the investigation, officers learned that Martin and Brown had been in an argument the night of Brown's death that had turned physical. The investigation identified Martin as the aggressor. Brown, who was not wearing his prosthetic leg, attempted to retreat to the bedroom.

¶4.     Tasha Hontz, Martin's sister, testified that her mother called her, hysterical, the night of the argument and said, "BJ's[1] beat Dwight." Hontz hung up with her mother and immediately called 911. Hontz and her husband drove to her mother's home. Hontz testified that her mother came out of the house and said, "BJ's beat Dwight and he never tried to fight back."

¶5.     Martin was arrested and photographed the next day by the police. Detective Michael Magahey testified that Martin had no injuries on his face, head, neck, or torso.  He did have abrasions on his hands and forearms.  After Martin was read his rights, he admitted beating and stomping Brown.[2] Magahey testified that Martin bragged about giving Brown a "country

---

[1] Tasha referred to her brother as BJ.

[2] At this point in the interview, Martin had not been informed that Brown had died.

boy ass whooping." Magahey found no evidence at the crime scene that Martin had acted in self-defense.

¶6. As a result of Magahey's investigation, Martin was charged with murder. A jury found Martin guilty of second-degree murder, and he was sentenced to a term of forty years.

## STATEMENT OF THE ISSUE

Whether the trial court abused its discretion in admitting autopsy photographs alleged by Martin to be gruesome, inflammatory, and more prejudicial than probative.

## STANDARD OF REVIEW

¶7. The standard of review for the admission of photographs was promulgated in *Chamberlin v. State*:

> Admission of photographs by the trial court is reviewed for abuse of discretion. *Dampier v. State*, 973 So. 2d 221, 230 (Miss. 2008). A decision favoring admissibility will not be disturbed absent a clear abuse of that judicial discretion. *Id.* The discretion of the trial judge is "almost unlimited . . . regardless of the gruesomeness, repetitiveness, and the extenuation of probative value." *Id.* (quoting *Williams v. State*, 544 So. 2d 782, 785 (Miss. 1987)). *See also Bennett v. State*, 933 So. 2d 930, 946 (Miss. 2006); *Jones v. State*, 920 So. 2d 465, 476 (Miss. 2006); *McIntosh v. State*, 917 So. 2d 78, 83-84 (Miss. 2005); *Dubose v. State*, 919 So. 2d 5, 11 (Miss. 2005); *Blake v. Clein*, 903 So. 2d 710, 728 (Miss. 2005); *Hodges v. State*, 912 So. 2d 730, 781 (Miss. 2005). "Some probative value is the only requirement needed in order to support a trial judge's decision to admit photographs into evidence." *Jones*, 920 So. 2d at 476-477 (quoting *Jordan v. State*, 728 So. 2d 1088, 1094 (Miss. 1998) (quoting *Scott v. State*, 878 So. 2d 933, 985 (Miss.2004), *overruled in part by Lynch v. State*, 951 So. 2d 549 (Miss. 2007)); *McIntosh v. State*, 917 So. 2d at 84. "So long as a photograph has probative value and its introduction serves a meaningful evidentiary purpose, it may still be admissible despite being gruesome, grisly, unpleasant, or even inflammatory." *Dampier*, 973 So. 2d at 230 (citations omitted). *But see McNeal v. State*, 551 So. 2d 151 (Miss.1989)) (the solitary instance where this Court held a photograph, a close-up of the victim's partly decomposed skull, was gruesome and lacked an evidentiary purpose and was more prejudicial than probative). A photograph

3

has a meaningful evidentiary purpose when it: (1) aids in describing the circumstances of the killing; (2) describes the location of the body or cause of death; or (3) supplements or clarifies witness testimony. *Dampier*, 973 So. 2d at 230.

Similarly, autopsy photographs are admissible only if they possess probative value. *Hodges*, 912 So. 2d at 781-82 (citing *Puckett v. State*, 737 So. 2d 322, 338 (Miss. 1999); *Noe v. State*, 616 So. 2d 298 (Miss. 1993)). The comment to Mississippi Rule of Evidence 401 states that if there is any probative value, the rule favors admission of the evidence. *Thorson* [*v. State*], 895 So. 2d [85,] 120 [(Miss. 2004)].

*Chamberlin v. State*, 989 So. 2d 320, 340 (Miss. 2008).

**ANALYSIS**

¶8.     The sole issue on appeal is whether the trial judge abused his discretion in admitting into evidence two photographs from Brown's autopsy. The pathologist determined that Brown's cause of death was multiple blunt-force trauma from a beating, with asphyxiation and multiple fractures as contributing causes of death. The State argued that it intended to introduce three[3] photographs to support the pathologist's testimony of Brown's cause of death. Martin offered to stipulate the cause of death as blunt-force trauma. Martin had no objections to the pathologist's testimony about Brown's death but moved to suppress the photographs because they would result in unfair prejudice. The State argued that it anticipated Martin's testifying consistently with his previous statements that he only hit Brown a few times and that the pictures would refute that testimony. The trial judge overruled Martin's objection to the photographs because he found them to be probative as to the cause and manner of death.

---

[3] The State withdrew one of the photographs, which depicted Brown's stomach filled with blood.

¶9. Dr. Mark Levaughan, a forensic pathologist, testified that he performed Brown's autopsy and determined that the most severe injuries suffered by Brown were massive fractures of all of his facial bones. Using a photograph (Exhibit 7.8), which depicted Brown's lungs filled with blood, Levaughan testified that the facial fractures caused a massive hemorrhage in Brown's airways, leading to his aspirating, or drowning, in his blood. Levaughan also used a photograph (Exhibit 7.7) to show the jury the extent of the trauma and hemorrhaging to Brown's head.

¶10. The State was required to prove not only that Martin caused Brown's death but that Martin did so in a manner that demonstrated a depraved heart. *See* Miss. Code Ann. § 97-3-19(1)(b) (Rev. 2015). The State attempted to do so through the testimony of Magahey and Levaughan and by introducing the pictures to support the witnesses' testimony.

¶11. This Court has consistently upheld the admission of photographs depicting bloody injuries. In *Miller v. State*, the Court held that the trial judge did not abuse its discretion in admitting photographs of the victim before death and of the victim's body as it was found at the crime scene because the photographs were "probative on the issue of how the shooting occurred." *Miller v. State*, 740 So. 2d 858, 864-65 (Miss. 1999). In *Jordan v. State*, the Court held the trial court did not err in finding some probative value in certain photographs because those photographs "were deemed necessary evidence to corroborate the testimony of the witnesses . . . ." *Jordan v. State*, 728 So. 2d 1088, 1093-94 (Miss. 1998). In *Williams v. State*, the Court held that thirteen pictures depicting injuries to the victim, including the victim's excised larynx, heart, vaginal, and anal areas, "were relevant and of probative value

to assist Dr. McGarry in his explanation to the jury as well as assisting the jury in understanding the nature and extent of the injuries suffered by [the victim]." *Williams v. State*, 684 So. 2d 1179, 1198-99 (Miss. 1996). In *Jackson v. State*, the Court found no abuse of discretion in the admission of photographs depicting fatal stab wounds to the neck and face of four children. *Jackson v. State*, 684 So. 2d 1213, 1230-31 (Miss. 1996). Likewise, here, this Court finds that the two pictures were relevant and of probative value to assist Levaughan in his explanation to the jury of the nature and extent of the injuries suffered by Brown. We find no error by the trial court in admitting these photographs into evidence.

¶12.    Martin also argues that because he offered to stipulate that Brown's death was caused by blunt-force trauma, the trial judge should have excluded the pictures. This Court has held that

> [e]ven where the issue for which the photograph is introduced is ultimately stipulated to, "[a]s a general rule, the fact that a photograph of the deceased in a homicide case might arouse the emotions of jurors does not of itself render it incompetent in evidence so long as introduction of the photograph serves some legitimate, evidentiary purpose."

*Miller*, 740 So. 2d at 864-65 (quoting *Walker v. State*, 671 So. 2d 581, 601 (Miss. 1995)).

¶13.    In *Alexander v. State*, the Court affirmed the admission of an autopsy photograph that depicted the victim's opened skull created during the autopsy and not the assault, similar to the photograph at issue in today's case. That photograph was allowed into evidence to establish the cause of death. *Alexander v. State*, 610 So. 2d 320, 338 (Miss. 1992). Like Martin, Alexander argued the admission was improper because he did not deny the death of the victim. *Id.* That Court held that while the photograph was

6

graphic, it [was] not overly gruesome or inflammatory . . . . The photograph establishes the cause of death as a severe beating about the head, temple and ear with a blunt instrument and depicts bruising to the brain. While Alexander does not deny the death of Pannell, the cause of death was part of the State's case-in-chief.

*Id.* The *Alexander* Court held that the trial judge acted within his discretion in determining that the probative value of the photograph outweighed any prejudice. *Id.* Here, the trial judge also found that the photographs served a legitimate purpose and were more probative than prejudicial. Martin's argument is without merit.

¶14. In *McNeal v. State*, the Court held that photographs, which were close-up shots depicting a partly decomposed, maggot-infested skull, were so gruesome and lacked any evidentiary purpose and that the trial court abused its discretion in admitting them. *McNeal v. State*, 551 So. 2d 151, 159 (Miss. 1989). Indeed, the Court proclaimed the photographs to be "some of the most gruesome photographs ever presented to this Court." *Id.* The Court opined that "the state could have shown the angle and entry of the bullet wound without the full-color, close-up view of the decomposed, maggot-infested skull." *Id.* In *Bonds v. State*, the Court held that a

> close-up, full-color photograph of the shooting victim's rotting head was far more prejudicial than probative, and in light of the evidence at the State's disposal, had little, if any, evidentiary value. The State could have shown the angle of entry of the bullet without resorting to this graphic and gruesome depiction.

*Bonds v. State*, 138 So. 3d 914, 920 (Miss. 2014).

¶15. The two photographs in today's case do not rise to the level of gruesomeness of the pictures in *McNeal* or *Bonds*. Martin has failed to demonstrate any prejudice arising from

7

the admission of these photographs. Like in *Alexander*, these photographs reflect the extent of Brown's injuries as well as the injuries that led to his death without being overly gruesome or prejudicial. These photographs were used to aid witnesses' testimony describing Brown's injuries. We find that the trial court did not abuse its discretion in admitting these two photographs.

## CONCLUSION

¶16.     The sole issue presented on appeal by Martin is without merit. The trial court did not abuse its discretion in admitting two autopsy photographs depicting the injuries suffered by Brown, ultimately, the injuries that caused his death. We affirm Martin's conviction and sentence.

¶17.     **AFFIRMED.**

        **KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**